United States District Court
Southern District of Texas
ENTERED

JAN 1 9 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| C & C, INC. d/b/a "WINGS LOUNGE" | § § | |
| VS. | § § | CIVIL ACTION NO. B-98-084 |
| PENN-AMERICAN INSURANCE CO. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a declaratory judgment action brought originally in the Southern District of Texas, Houston Division, by Penn-America Insurance Company ("Penn-America") which sought to avoid defending and indemnifying its insured, C&C, Inc d/b/a Wings Lounge ("C&C").

C& C had filed a declaratory judgment in the Cameron County Texas Court seeking a judgment that Penn-America had a duty to the defendant to indemnify it. The Cameron County case was removed to this court. The Houston Division case was transferred to the Brownsville Division by Judge Atlas on July 30, 1998. (See Civil Action B-98-116, Docket No. 6). The two cases were consolidated under Cause Number B-98-84 because the issues presented are identical.

Pending before the court is Penn-America's Motion for Summary Judgment (Docket No. 8) and C&C's Partial Motion for Summary Judgment (Docket No. 10).

### FACTUAL BACKGROUND

The following factual summary is based on a review of the pending Motions for Summary Judgment.

On January 16, 1997, suit was filed in the 107th Judicial District Court against C&C and others seeking damages for the wrongful death of two children killed in a car wreck on December 28, 1995. A copy of the Original Petition in this case is attached as Exhibit C to Penn-America's

Response to Plaintiff's Motion for Partial Summary Judgment (Docket No 11). This Petition claims that C&C is the owner of Wings Lounge located in Cameron County, Texas. According to the Petition, two brothers, George and John Camero were served alcohol at Wings Lounge ("Wings") while drunk in violation of Texas and common law. After leaving Wings, the Cameros were involved in the wreck which killed the two children.

Wings was covered by a general liability insurance policy issued by Penn-America. A copy is attached as Exhibit 2 to C&C's Motion for Partial Summary Judgment (Docket No. 10).

Penn-America's policy contains a liquor liability exclusion clause, Section 1, Paragraph 2, Sub-paragraph c. This clause excludes coverage for liability arising out of the furnishing of alcohol to one under the influence of alcohol or in violation of a statute or ordinance. Penn-America denied coverage and a defense to C&C because of that exclusion.

A First Amended Original Petition (Docket No. 10, Exhibit 1 to Plaintiff's Motion for Partial Summary Judgment) was filed in the State court action. This pleading deleted any reference to the serving of alcohol. The claims against C&C in the First Amended Original Petition are based on failure to supply security to insure that patrons of the lounge did not become a danger to themselves and others.

## THE MOTIONS FOR SUMMARY JUDGMENT

Penn-America's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment are mirror images of each other. C&C argues that the Amended Petition pleads a cause of action within the general liability coverage and that Penn-America has a duty to defend. C&C contends that in determining coverage, the court is bound by the "eight corners" rule, that is that only the policy and the pleadings are examined. *National Union Fire Insurance*

*v Merchants Fast Motor Lines, Inc.* 939 S.W.2d 139, 141 (Tex. 1997).

Penn-America does not quarrel with C&C's general statement of the eight corners rule. However, Penn-America argues that when the live pleadings do not contain sufficient facts to determine whether or not coverage exists, it is proper to look at evidence extrinsic to the pleadings. ( See Penn-America's Response to Plaintiff's Motion for Summary Judgment p.5 Docket No. 11). Penn-America points out that since the Amended Petition does not reveal why the Cameros were a danger to themselves and others when they left Wings, it is proper to review extrinsic evidence, i.e, the Original Petition.

## RECOMMENDATION

It is obvious that the Amended Petition was drafted to avoid any reference to alcohol. However, it is also obvious under Texas law, that such artful scrivening does not help C&C avoid the liquor liability exclusion. *Abe's Colony Club, Inc. v. C&W Underwriters, Inc.*, 852 S.W.2d 86 (Tex. App.- Fort Worth 1993, writ denied); *Paradigm Insurance Company v. Richmond Corporation*, 942 S.W.2d 645 (Tex. App.-Houston [14th Dist.] 1997, writ denied). The Fifth Circuit has addressed the identical point in *Western Heritage Ins. Co. v. River Entertainment*, 998 F.2d 311, 313-314 (5th Cir. 1993). The Fifth Circuit held that in Texas there is a narrow exception to the eight corners rule. When it is impossible to determine from the petition sufficient facts to decide whether coverage exists, it is proper to look at extrinsic evidence. Here it is proper to look at the Original Petition in the damage case against C&C and conclude that the true basis of the case is the claim that C&C served alcohol to intoxicated patrons who then killed two children in a wreck. The liquor liability exclusion unambiguously deletes coverage under the Penn-America policy for that type of claim. Penn-America's Motion for Summary Judgment

3

should be granted and this case dismissed.

IT IS THEREFORE **RECOMMENDED** that Penn-America Insurance Co.'s Motion for Summary Judgment be **GRANTED** and Plaintiff's case be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 19th day of January, 1999.

                                          John Wm. Black
                                       United States Magistrate Judge